IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-344 –SMY-PMF |
| | ) |
| VIPIN SHAH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff Michael Johnson's Amended Complaint (Doc. No. 23), filed as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure. The Court has screened the new pleading under 28 U.S.C. § 1915A. Accepting the factual allegations as true, Johnson is advancing the following claims for relief:

**Count 1:** A federal law claim against defendants Shaw, Rector, Brown, Gaetz, and Spiller, for deliberate indifference to medical needs, and against defendant Wexford Health Sources, Inc. for deliberate indifference to medical needs through a policy, custom or practice in violation of the Eighth Amendment's proscription against cruel and unusual punishment.

**Count 2:** A state law claim against defendants Shah, Rector, Brown, Gaetz, Spiller, and Wexford Health Sources, Inc. for medical negligence in violation of Illinois common law.

**Count 3:** A state law claim against Wexford Health Sources, Inc. for breach of its contractual duty to provide adequate medical services to inmates held in the custody of the Illinois Department of Corrections. Johnson asserts rights as a third party beneficiary.

Defendants Gaetz and Spiller are dismissed from Count 1 without prejudice. These defendants are identified as a warden and a former warden, and the additional factual allegations do not plausibly suggest that they caused or participated in a constitutional deprivation of medical care. Johnson's allegations merely suggest deficient or perhaps negligent performance of supervisory and/or administrative duties. The allegations do not suggest the type of personal involvement in medical treatment or the culpable mindset needed to support an Eighth Amendment claim against a supervisory

official.  *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Count 2 is dismissed without prejudice because Johnson has not yet supported his medical negligence claim with a physician's certificate of merit.  Johnson must obtain that certificate before he can proceed on Count 2.  735 ILCS 5/2-622; *Hobbs. v. Lorenz*, 786 N.E.2d 260, 263 (Ill. App. 2003).  Without the certificate of merit, the medical negligence claim is insufficient as a matter of law.  The Court will exercise its discretion and grant plaintiff 90 days to file a Second Amended Complaint that includes the physician's certificate of merit required by 735 ILCS 5/2-622.

The Amended Complaint includes (on page 4) a request for a preliminary injunction.  This request is denied.  Johnson is currently housed at Lawrence Correctional Center and his claims arose during his former confinement at Menard Correctional Center, between June and October, 2013.  Reports submitted with the Amended Complaint establish that he is being seen and treated there by nonparties for a possible recurrence of his stomach infection.  The level of care provided to Johnson at his current place of confinement is not at issue in this case.  In these particular circumstances, preliminary injunctive relief is not appropriate.  *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011); 18 U.S.C. § 3626(a)(2).

The Clerk is **DIRECTED** to initiate service of process efforts for Wexford Health Services, Inc., consistent with the instructions given on May 4, 2015 (Doc. No. 6, p. 8).

**IT IS SO ORDERED.**

**DATED:** August 28, 2015

> **s/ Staci M. Yandle**
> **STACI M. YANDLE**
> **United States District Judge**