IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JOHNSON, B64071, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-344-SMY-RJD |
| | ) |
| VIPIN K. SHAH, CHRISTINE BROWN, | ) |
| ANGEL RECTOR and | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court are motions for summary judgment filed by Defendant Christine Brown (Doc. 57) and Defendants Vipin Shah, Angel Rector and Wexford Health Sources, Inc. ("Wexford") (Doc. 48). Plaintiff filed responses in opposition (Docs. 61 and 62). For the following reasons, Defendant Brown's motion is **DENIED**. Defendants Shah, Rector and Wexford's motion is **DENIED** as to Defendants Shah and Wexford and **GRANTED** as to Defendant Rector.

This is a prisoner civil rights action in which Plaintiff Michael Johnson asserts that his Eighth Amendment rights were violated because he was provided with inadequate medical care while at Pinckneyville Correctional Center ("Pinckneyville"). Johnson filed suit on March 30, 2015 (Doc. 1). He alleges in his Complaint that the Pinckneyville health care unit employees provided him with improper medical treatment from about June, 2013 through October, 2013 due to untreated digestive problems caused by an "H. Pylori" infection.

Johnson's Complaint was screened pursuant to 28 U.S.C. § 1915A on May 4, 2015 (Doc. 6). The Court held that Johnson articulated a colorable Eighth Amendment deliberate

1

indifference to serious medical needs claim against Defendants Vipin Shah (Pinckneyville physician), Angel Rector (Pinckneyville nurse practitioner) and Christine Brown (Pinckneyville Health Care Unit Administrator). Johnson was later granted leave to file an amended complaint (Doc. 23). In the Amended Complaint, Johnson was allowed to add a *Monell* claim, *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) and a breach of contract claim against Wexford Health Sources, Inc., asserting his rights as a third party beneficiary of the contract between Wexford and the State of Illinois.

The defendants now seek summary judgment on the basis that Johnson failed to exhaust administrative remedies before filing suit. Inmates in corrections institutions are required to exhaust available administrative remedies before filing conditions of confinement lawsuits in federal court. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e *et seq*. The Seventh Circuit takes a "strict compliance" approach to the exhaustion issue, requiring prisoners to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Johnson is a prisoner in Illinois Department of Corrections ("IDOC") custody and so he is required to use the IDOC grievance process. IDOC regulations set forth a three step grievance process for general prison grievances (i.e., non-emergency grievances and grievances not subject to direct ARB review pursuant to Ill. Admin. Code tit. 20, § 504.870). First, the prisoner must attempt to resolve the issue with his counselor. Ill. Admin. Code tit. 20, § 504.810(a). After receiving the counselor's response, the prisoner may proceed to step two by filing a written grievance with the institution's grievance officer. *Id*. The grievance officer will then "consider the grievance and report his or her findings and recommendations in writing to the [warden]." Ill.

Admin. Code tit. 20, § 504.830(d). The warden will review the grievance officer's recommendation and issue a decision in writing to the prisoner. *Id*. If the prisoner is dissatisfied with the warden's decision, he may appeal the grievance to the IDOC Administrative Review Board ("ARB") in Springfield. Ill. Admin. Code tit. 20, § 504.850(a). The grievance process is deemed completed when the ARB issues a decision.

Here, Johnson submitted a grievance on August 7, 2013 using the standard IDOC form. The form directs the prisoner to "Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved." This requirement is mirrored in the IDOC regulations at Ill. Admin. Code tit. 20, § 504.810(b). The regulation also states, "This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." *Id*.

Johnson wrote on the grievance form: "Attention please: to all medical staff of IDOC and non-medical staff of IDOC, I Mr. Johnson give this notice that my health and safety is being denied at the hands of the above mentioned" (Doc. 62-2, p. 2). Johnson then stated that he was suffering from a litany of health problems, including high blood pressure and various gastrointestinal issues, which he asserted were caused by the "soy diet" provided at the institution. *Id*. He noted that he had made these problems known to Pinckneyville staff members and that he would like additional medical treatment (Doc. 62-2, p. 3). Johnson also stated that he would like to be treated by someone other than Dr. Shah. *Id*. Defendants Christine Brown, Angel Rector and Wexford are not specifically mentioned in the grievance.

Johnson's counselor responded to the grievance shortly thereafter (Doc. 62-2, p. 2). The response provides a message from the Pinckneyville Health Care Unit Administrator (HCUA

3

Brown) that essentially denies the grievance. *Id*. Johnson then submitted the grievance to the Pinckneyville Grievance Office and the Pinckneyville Warden denied the grievance on September 30, 2013 (Doc. 49-2, p. 3). Johnson appealed the decision to the ARB in October, 2013 (Doc. 62-2, p. 3). The ARB denied the grievance on the merits on April 17, 2014. *Id*. Documents attached to the defendants' motions for summary judgment indicate that Johnson has filed other prison grievances involving a multitude of concerns. However, the August 7, 2013, grievance appears to be the only one that directly addresses the issues in this lawsuit and was properly exhausted through the ARB.

The gist of the Defendants' motions for summary judgment is that Johnson's August 7, 2013 grievance is not specific enough to properly exhaust the administrative remedies. The Court agrees that Johnson's grievance does not include enough information to identify Angel Rector. Rector is not mentioned in the grievance and Johnson's use of the catchall "medical staff" by itself is insufficient to put the IDOC on notice of specific wrongdoing as to any individual defendant. Summary judgment is therefore proper for Rector.

Summary judgment will be denied as to the remaining Defendants. Johnson states in the grievance that he is not receiving proper medical treatment and that he wants to be treated by someone other than Dr. Shah. The grievance therefore exhausts the administrative remedies against Defendant Vipin Shah. As for Health Care Unit Administrator Christine Brown, she is not specifically mentioned in Johnson's grievance, but she is mentioned in the counselor's response and the Grievance Officer's response. A "better" grievance would have mentioned her specifically, but her involvement can easily be inferred. Accordingly, summary judgment will be denied as to Defendant Brown as well.

The issue as to Wexford is a bit more complicated. Johnson asserts two claims against Wexford, a *Monell* claim and a breach of contract claim. Wexford is a healthcare contractor that provides medical services to IDOC inmates. The IDOC regulations and grievance forms do not provide any specific instructions as to how a prisoner should exhaust administrative remedies against IDOC contractors. Additionally, the two claims that Johnson asserts against Wexford are both somewhat technical in nature. Requiring inmates with no formal legal education to articulate the subtleties of a *Monell* claim or a third party beneficiary action on a grievance form is asking a lot. The healthcare professionals at the facility all appear to be Wexford employees and Johnson stated on his grievance form that he was dissatisfied with the medical treatment he was receiving at Pinckneyville. As the Supreme Court has observed, "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." *Jones v. Bock*, 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007) (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). Johnson's grievance could have been more specific, but he sufficiently articulated how he was not receiving proper medical treatment. The Court therefore finds that he properly exhausted his administrative remedies against Defendant Wexford.

## CONCLUSION

For the foregoing reasons, Defendant Christine Brown's Motion for Summary Judgment (Doc. 57) is **DENIED**. The Motion for Summary Judgment (Doc. 48) is **GRANTED** as to Defendant Angel Rector and **DENIED** as to Defendants Vipin Shah and Wexford Health Sources, Inc.

**IT IS SO ORDERED.**

**DATED:  January 12, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
